**BERKELEY COMMUNITY HEALTH PROJECT, et al., Plaintiffs,**

v.

**CITY OF BERKELEY, et al., Defendants.**

**No. C95 00665 CW.**

United States District Court, N.D. California.

June 17, 1997.

Alan L. Schlosser, American Civil Liberties Union, San Francisco, CA, Harry B. Bremond, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, James B. Chanin, James B. Chanin Law Offices, Berkeley, CA, Osha Neumann, Berkeley, CA, for Plaintiff.

Manuela Albuquerque, City Attorney, Matthew J. Orebic, Deputy City Attorney, Bruce A. Soublet, Deputy City Attorney, Berkeley, CA, for Defendants.

**ORDER VACATING INJUNCTION, DISMISSING ACTION AND PROVIDING FOR ATTORNEYS' FEES**

WILKEN, Judge.

The Court having read and considered the stipulated settlement of the parties herein: IT IS HEREBY ORDERED as follows:

1. The preliminary injunction heretofore issued by this Court enjoining the enforcement of Berkeley Municipal Code chapter 13.37 is hereby vacated and dissolved.

2. This action is dismissed with prejudice.

3. Defendants shall pay plaintiffs' attorneys' fees in the amount of $110,000 as set forth in the stipulation of the parties.

**STIPULATION REGARDING SETTLEMENT, VACATION OF INJUNCTION AND DISMISSAL OF ACTION**

It is hereby stipulated by and between the plaintiffs and defendants in the above-entitled matter as follows:

1. The Berkeley City Council intends to adopt the following two ordinances:

a. A repeal of Berkeley Municipal Code ("B.M.C.") sections 13.36.015 and related provisions of B.M.C. section 13.36.100, which regulate sitting and lying on sidewalks in commercial districts; and

b. An amendment to B.M.C. chapter 13.37 to delete the provisions thereof relating to solicitation after dark, from persons entering or exiting automobiles and within six feet of building fronts adjacent to the public right of way.

2. Upon adoption of such ordinances, the parties stipulate that an order may be entered in this matter as follows:

a. As the parties have entered into a stipulated settlement, the injunction entered herein against the enforcement of B.M.C. chapter 13.37 shall be vacated and the parties request that the Court submit this order for publication;

b. This action shall be dismissed with prejudice.

3. Defendant City of Berkeley shall pay one of plaintiffs' counsel of record, the American Civil Liberties Union Foundation of Northern California (ACLU), the sum of one hundred and ten thousand dollars ($110,000.00) in total satisfaction of any claims plaintiffs or their attorneys may have by way of damages, attorneys' fees or costs in this action.

4. Plaintiffs and their attorneys and each of them, release defendants and each of them, and any of the City's current or former

officials, affiliates, agents, employees, attorneys, successors, predecessors or assigns, from any complaint, claim, charge, claim for relief, demand, action, suit, action or cause of action existing at any time up to the date of this Agreement, whether in law or equity, which they could assert at common law or under statute, constitutions, regulation, order or law whether federal, state or local, or under any contract, or based upon any grounds whatsoever, with respect to any event, matter, claim, occurrence, damage or injury arising out of or associated with the enactment or modification of the laws challenged in this action, whether known or unknown.

5. Defendants and their attorneys and each of them, release plaintiffs and their attorneys and each of them, their current or former officials, affiliates, agents, employees, attorneys, successors, predecessors or assigns, from any complaint, claim, charge, claim for relief, demand, action, suit, action or cause of action existing at any time up to the date of this Agreement, whether in law or equity, which they could assert at common law or under statute, constitutions, regulation, order or law whether federal, state or local, or under any contract, or based upon any grounds whatsoever with respect to any event, matter, claim, occurrence, damage or injury arising out of or associated with the enactment or modification of the laws challenged in this action, whether known or unknown.

### ORDINANCE NO. 6372–N.S.

REPEALING ORDINANCE NO. 6267–N.S., PROHIBITING SITTING AND LYING ON SIDEWALKS IN COMMERCIAL DISTRICTS

BE IT ORDAINED by the Council of the City of Berkeley as follows:

*Section 1:* That Ordinance No. 6267–N.S. is hereby repealed.

*Section 2:* Copies of this Bill shall be posted for two days prior to adoption in front of the Civic Center Building. Within fifteen days of adoption, copies of this Ordinance shall be filed at each branch of the Berkeley Public Library and the title shall be published in a newspaper of general circulation.

At a regular meeting of the Council of the City of Berkeley, held on April 29, 1997, this Bill was passed to print and ordered published by posting by the following vote:

Ayes: Councilmembers Breland, Maio, Shirek, Spring, and Worthington.

Noes: Councilmembers Armstrong, Olds, Woolley and President Dean.

Absent: None.

At a regular meeting of the Council of the City of Berkeley, held on May 13, 1997, this Ordinance was adopted by the following vote:

Ayes: Councilmembers Breland, Maio, Shirek, Spring, and Worthington.

Noes: Councilmembers Armstrong, Olds, Woolley and President Dean.

Absent: None.

/s/ Shirley Dean
Shirley Dean
Mayor and President
of the Council

/s/ ATTEST: Sherry M. Kelly
Sherry M. Kelly

Clerk of the Council

In effect: June 12, 1997

### ORDINANCE NO. 6371–N.S.

AMENDING CHAPTER 13.37 OF THE BERKELEY MUNICIPAL CODE ORDINANCE NO. 6266–N.S., AS AMENDED BY ORDINANCE NO. 6282–N.S., REGULATING THE TIME, PLACE AND MANNER OF SOLICITATION FOR THE IMMEDIATE PAYMENT OF MONEY OR GOODS IN PUBLIC PLACES, TO DELETE THE PROVISIONS RELATING TO SOLICITING FROM PERSONS ENTERING OR EXITING AUTOMOTIVE VEHICLES WITHIN SIX FEET OF CERTAIN BUILDINGS IN COMMERCIAL DISTRICTS AND AFTER DARK

BE IT ORDAINED by the Council of the City of Berkeley as follows:

Section 1. That Ordinance No. 6266–N.S., as amended by Ordinance No. 6282–N.S. co-

dified as Chapter 13.37 of Title 13 (Public Peace, Morals and Welfare) of the Berkeley Municipal Code is hereby amended to read as follows:

## Chapter 13.37

LIMITATION OF THE TIME, PLACE AND MANNER OF SOLICITATION FOR THE IMMEDIATE PAYMENT OF MONEY OR GOODS IN PUBLIC PLACES.

Sections:

13.37.010   Definitions

13.37.020   Prohibited Acts

13.37.030   Violation–Penalty

### Section 13.37.010   Definitions

For purposes of this Ordinance the following terms shall be defined as set forth in this section.

A.   "Coerces, threatens, hounds or intimidates the person solicited" means soliciting another in any of the following manners:

1.   The solicitor acts in a manner which would cause a reasonable person who was solicited to fear for his or her own safety. Factors to be weighed in determining whether the behavior would cause a reasonable person to fear for his or her own safety include but are not limited to, the making of threatening gestures, the proximity of the solicitor to the person solicited, the duration of the solicitation, making physical contact with the person solicited.

2.   The person who solicits persists in following the person solicited closely, after the person being solicited has informed the solicitor by words or conduct that such person does not want to be solicited.

B.   "Public place" means a publicly owned building and premises appurtenant thereto, any public park, sidewalk, or other right of way open to the general public and includes alleys, bridges, buildings, driveways, parking lots, parks, plazas, and streets. This Ordinance does not regulate solicitation on private property.

C.   "Solicit" means to ask for the immediate payment of money or goods, whether or not in exchange for goods services or other consideration, by words, bodily gestures, signs or other means.

E.   "Solicitor" means one who solicits as defined herein.   Section 13.37.020 Prohibited Acts

A.   It is unlawful for any person to solicit another in any public place at the times, locations and in the manner specified below:

1.   In any manner which coerces, threatens, hounds, or intimidates the person solicited;

2.   Within ten (10) feet of any automatic teller machine in the City of Berkeley;

B.   Non-exclusivity. Nothing in this chapter shall limit or preclude the enforcement of other applicable laws.

### Section 13.37.030   Violation–Penalty

Any person who shall be convicted of a violation of any of the provisions of this Chapter shall be deemed guilty of an infraction and shall be punishable as set forth in Chapter 1.20 of this code.

### Section 2.   Publication

Copies of this Bill shall be posted for two days prior to adoption in front of the Civic Center Building.   Within fifteen days of adoption, copies of this Ordinance shall be filed at each branch of the Berkeley Public Library and the title shall be published in a newspaper of general circulation.

At a regular meeting of the Council of the City of Berkeley, held on April 29, 1997, this Bill was passed to print and ordered published by posting by the following vote:

Ayes: Councilmembers Armstrong, Breland, Maio, Shirek, Spring, Woolley, Worthington and President Dean.

Noes: None.

Abstain: Councilmember Olds.

Absent: None.

At a regular meeting of the Council of the City of Berkeley, held on May 13, 1997, this Ordinance was adopted by the following vote:

Aye: Councilmembers Armstrong, Breland, Maio, Shirek, Spring, Woolley, Worthington and President Dean.

Noes: None.

**944**

Abstain: Councilmember Olds

Absent: None.

/s/ Shirley Dean
Shirley Dean
Mayor and President
of the Council

/s/ ATTEST: Sherry M. Kelly
Sherry M. Kelly
City Clerk
and Clerk of the Council

In effect: June 12, 1997